UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:17-cr-00087-TWP-MJD-01 |
| ERIN J. FINAN, | ) ) ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT ERIN FINAN'S
## MOTION FOR CORRECTED JUDGMENT

Before the Court is Defendant Erin J. Finan's ("Mr. Finan") *pro se* Motion for Corrected Judgment (Dkt. 118), requesting a modification of the conditions of supervised release and to correct the judgment entered against him on May 17, 2018. Specifically, Mr. Finan submitted a letter asking the Court to modify the judgment of conviction in his case by placing a cap on the schedule of payments for restitution and giving him credit towards restitution for property that was forfeited. He also asks the Court to modify two conditions of supervised release. The Government has filed a response to Mr. Finan's requests. (Dkt. 119). For the reasons stated below, the Motion is **denied**.

### I. DISCUSSION

Mr. Finan was convicted of Wire Fraud, in violation of 18 U.S.C. § 1343, and Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(A). (Dkt. 105.) His convictions stemmed from a multi-year scheme to defraud online retailer Amazon through which he and his co-defendant, his wife, stole approximately 2,100 consumer electronics items worth over $1,200,000.00. After entering a plea agreement with the Government, Mr. Finan continued committing fraud while on pretrial release. (Dkt. 75.) Following a hearing on allegations that he had violated conditions of

his release, Mr. Finan was remanded to the custody of the United States Marshal, pending the sentencing hearing in this case. (Dkt. 83.)

On May 17, 2018, Mr. Finan was sentenced to 71 months of imprisonment, the Court imposed restitution and a schedule of payments pertaining to restitution in the amount of $1,218,504.00 (jointly and severally with his co-defendant Leah Finan), ordered forfeiture of certain property, and imposed a three-year term of supervised release following imprisonment, which included various conditions.

The Court ordered payment of restitution "to begin immediately" and that "any unpaid restitution balance during the term of supervision shall be paid at a rate of not less than 10% of the defendant's gross monthly income." (*Id.* at 6 ¶¶ B and G.) This condition was imposed to allow the probation officer to monitor Mr. Finan's finances, to help him avoid becoming financially overburdened so he is not tempted to participate in additional fraudulent activities and "based on the defendant's history of earning income through fraudulent sources." (Dkt. 86, at ¶¶ 103(n)–(o).)

Mr. Finan asks the Court to amend paragraph G of the "Schedule of Payments" on the Judgment and instead impose a "ceiling" or "maximum amount of the Defendant's gross monthly income" that can be ordered paid toward restitution. His rationale for modifying his schedule of payments is premised on possible future employment (as a real estate investor and property wholesaler) following his release from prison. At present, the request is speculative and is **denied** as premature. Mr. Finan's current release date is December 19, 2022. Once Mr. Finan has been released from imprisonment and secured employment, he may file any requests for modification of these terms based on his actual employment and financial circumstances.

The Court ordered that Mr. Finan forfeit property to the United States, namely a 2007 Yukon Denali with VIN 1GKFK16337J208197, as well as $10,528.00 that was seized. Mr. Finan asks that the Court credit the value of these forfeited assets to his restitution balance. The

Government argues persuasively that the Mandatory Victim Restitution Act requires the Court to order restitution "to each victim in the full amount of each victim's losses." *See* 18 U.S.C. § 3664(f)(1). The statute does not allow the amount of restitution to be offset by forfeiture. Courts of Appeals that have analyzed the issue have concluded as such. *E.g.*, *United States v. Sanjar*, 876 F.3d 725, 750–51 (5th Cir. 2017); *United States v. Bright*, 353 F.3d 1114, 1119–25 (9th Cir. 2004); *United States v. Alalade*, 204 F.3d 536, 540–41 (4th Cir. 2000); *see also United States v. Emerson*, 128 F.3d 557, 566–68 (7th Cir. 1997) (holding, in case that pre-dated the Mandatory Victim Restitution Act, that district court did not abuse discretion by not crediting restitution with forfeited amount). The Government correctly argues that restitution and forfeiture are separate and distinct remedies, authorized by separate statutes and serving distinct purposes: restitution compensates the victim of the offense, while forfeiture punishes the defendant for his ill-gotten gains by transferring those gains to the government. *Emerson*, 128 F.3d at 567. For these reason, the requests to reduce the restitution amount by the value of the forfeited property is **denied**.

Finally, Mr. Finan asks the Court to remove supervised release conditions 13 and 14, which prohibit him from incurring new credit charges without approval from the probation officer (Condition #13) and entering employment without approval from the probation officer (Condition #14). (Dkt. 105 at 4.) This request for modification is also premature. At the time of sentencing, the Court found the nature and circumstances of the offense and the history and characteristics of Mr. Finan required some constraint on his ability to incur new debts or engage in new employment without the probation officer's approval. The Court's justifications for these conditions is to allow the probation officer to monitor Mr. Finan's finances to help him avoid becoming financially overburdened so that he is not tempted to participate in additional frauds and "based on the defendant's history of earning income through fraudulent sources". (Dkt. 86, at ¶¶ 103(n)–(o).)

While district courts do have authority to revise conditions of supervised release "at any time," *see* 18 U.S.C. § 3583(e)(2), it is sound discretion to evaluate such requests closer to the date of a defendant's release. *E.g.*, *United States v. Williams*, 840 F.3d 865, 865 (7th Cir. 2016) (per curiam); *see also United States v. Colson*, 675 Fed. App'x 624, 629 (7th Cir. 2017). Mr. Finan states that he will need access to lines of credit once he begins to engage in real estate investment, upon release from imprisonment. Again, this request is premature, and Mr. Finan can renew this request once he is released from prison and is engaged in real estate or other legitimate business. Under those circumstances, Mr. Finan might have an actual basis for the modification and the Court will be able to determine whether these conditions should be modified.

## II. CONCLUSION

For the reasons explained above, Mr. Finan's *pro se* Motion for Corrected Judgment (Dkt. 118) is **DENIED.**

**SO ORDERED.**

Date: 2/14/2019

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE
nick.linder@usdoj.gov

Erin J. Finan, #25171-075
Federal Prison Camp
P.O. Box 6000
Ashland, Kentucky 41105-6000

4